IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OCARIO RUIZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 2:16-cv-02846-TLP-tmp |
| v. | ) |
| | ) |
| WARDEN ANGELA OWENS, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2241,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner, Ocario Ruiz,[1] applied for habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition"). (ECF No. 1.) Respondent, FCI Warden Angela Owens, responded in opposition. (ECF No. 11.) For the reasons below, this Court **DENIES** the § 2241 Petition.

**PROCEDURAL HISTORY**

**I.     Petitioner's Federal Criminal Case and Collateral Challenges**

Petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine and the trial court sentenced him to 360 months in prison. *United States v. Ruiz*, 436 F. App'x 361 (5th Cir. 2011). The trial court sentenced him as a career offender under U.S.S.G. § 4B1.1 because he had two prior felony convictions for controlled substance offenses. (ECF No. 11-1 at ¶¶ 42, 49, 73.)[2] The Court of Appeals affirmed his sentence. *Ruiz*, 436 F. App'x at 362.

---

[1] Ruiz is a federal prisoner, Bureau of Prisons ("BOP") register number 16491-075. The Government is housing him at the Federal Correctional Institution ("FCI") in Yazoo City, Mississippi.

Petitioner moved to vacate under 28 U.S.C. § 2255 alleging many ineffective assistance of counsel claims. *Ruiz v. United States*, Case No. 4:12-cv-00246-A (N.D. Tex. 2012) (ECF No. 1.) The district court denied his motion and the Fifth Circuit denied a certificate of appealability. *Ruiz*, Case No. 4:12-cv-00246A (ECF Nos. 9, 17.) Petitioner later filed a second § 2255 motion, which the court also denied. *Ruiz v. United States*, Case No. 4:16-cv-00827-A (N.D. Tex. 2016) (ECF No. 4.)

## II. Petitioner's § 2241 Petition

Petitioner now petitions pro se under § 2241 (ECF No. 1), relying on *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). He alleges that, under the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior convictions did not qualify as controlled substance offenses under U.S.S.G. § 4B1.2(b). (ECF No. 1 at PageID 5.) The Court then issued an order directing Warden Owens to respond (ECF No. 7), and Warden Owens then filed an answer to the § 2241 Petition (ECF No. 11).

## STANDARD OF REVIEW

This Court may issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Federal prisoners may obtain relief only under limited circumstances. The "savings clause" in § 2255 provides as follows:

---

[2] U.S.S.G. § 4B1.1(b) provides "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." Petitioner's offense level was greater than the offense level for a career offender, and so his total offense level remained 40. (ECF No. 11-1 at ¶¶ 41, 42.) Because the court found Petitioner a career offender, his criminal history category was VI. (ECF No. 11-1 at ¶ 49.) With a total offense level of 40 and a criminal history category of VI, his guideline range was 360 to life. (ECF No. 11-1 at ¶ 73.) Even so, since the maximum statutory penalty for the offense was 480 months, the final guideline range became 360 to 480 months. *Id.*

2

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted); *see also Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) ("The rule was simple: § 2255 for attacks on a sentence, § 2241 for other challenges to detention."); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served.").

Petitioner here attacks the imposition of his sentence. As a result, habeas relief is unavailable to him under § 2241 unless relief under § 2255 is inadequate or ineffective. Petitioner bears the burden of proving that § 2255 is inadequate or ineffective and that the savings clause applies. *Charles*, 180 F.3d 756. Some might think they file under § 2241 just because the court denied their motion under § 2255. Well, that is not how it works.

"The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Peterman*, 249 F.3d 461. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally

barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted). In *Wright*, the Sixth Circuit stated

> A federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective. Rather, the prisoner must also show that binding adverse authority (or some greater obstacle) left him with "no reasonable opportunity" to make his argument any earlier, "either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255[.]" Otherwise, § 2255 is simply not inadequate or ineffective to test his claim. And nothing in this court's later precedents gainsays this principle.

*Wright*, 939 F.3d at 703 (internal citations omitted).

A prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court to date has permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). "Actual innocence means factual innocence," not just legal insufficiency. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Until recently, "[c]laims alleging 'actual innocence' of a sentencing enhancement [could not] be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

In *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016), the Sixth Circuit held that inmates can challenge their sentences under § 2241 if they can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice." To qualify under the third requirement, the *Hill* court noted

4

> (1) prisoners . . . are sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) . . . are foreclosed from filing a successive petition under § 2255, and (3) . . . a subsequent retroactive change in statutory interpretation by the Supreme Court reveals that a previous citation is not a predicate offense for a career-offender enhancement.

*Id.* at 599–600 (parallel citations omitted).

## **ANALYSIS**

Petitioner's claim here does not satisfy the *Hill* test and it does not fall under either of the subsets of cases redressable under the savings clause. At his sentencing hearing, the court did not impose sentence under mandatory sentencing guidelines, nor does he argue that his sentence exceeds the statutory maximum. In fact, the trial court sentenced Petitioner under the *advisory* guidelines. Case No. 4:10-cv-00073-A (ECF No. 91 at PageID 534, 556). The *Hill* court did not extend the savings-clause remedy to defendants sentenced under the advisory guidelines and emphasized that it was only extending the remedy to a "narrow subset" of § 2241 petitions. 836 F.3d at 599.

Recently, the Sixth Circuit held that non-constitutional challenges to an advisory guidelines range are unavailable on collateral review in the § 2255 context. *Snider v. United States*, 908 F.3d 183, 189–90 (6th Cir. 2018). Other courts have generally agreed that advisory guideline errors cannot be fundamental defects warranting collateral relief. *United States v. Foote*, 784 F.3d 931, 939 (4th Cir. 2015) ("[M]isapplication of the sentencing guidelines does not amount to a miscarriage of justice." (citation omitted)); *Spencer v. United States*, 773 F.3d 1132, 1139–42 (11th Cir. 2014) (en banc); *Hawkins v. United States*, 706 F.3d 802, 822–25 (7th Cir. 2013); *see also SunBear v. United States*, 644 F.3d 700, 705–06 (8th Cir. 2011) (en banc) (holding that even mandatory guideline errors are not fundamental defects).

Because Petitioner's claims here do not fall into the narrow subset of claims allowed under *Hill*, he may not use § 2241 to challenge his sentence. The Court therefore **DISMISSES WITH PREJUDICE** Petitioner's § 2241 Petition.

## APPELLATE ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

Habeas petitioners seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides, however, that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because Petitioner is not entitled to relief here, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal here would not be taken in good faith. So the Court DENIES leave to appeal in forma pauperis.[3]

---

[3] If Petitioner filed a notice of appeal, he must also pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

**SO ORDERED**, this 19th day of February, 2020.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE